FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

SHLAWRENCE ROSS

(Enter above the full name of the plaintiff in this action)

COMPLAINT

V.

KYLE GRAF
MATTHEW KREIDLER
JOSEPH PEMBERTON

(Enter the full name of the defendant of defendants in this action)

Civil Action No. _____

(To be supplied by the Clerk of the Court)

RECEIVED
NOV 20 2019
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

## INSTRUCTIONS; READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any question, attach a separate sheet.

2. In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3. You must provide the full name of each defendant or defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District Court. You must also send one additional copy of the complaint for each defendant to the Clerk. Do not send the complaint directly to the defendants.

5. Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of $50.00), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each defendant. See Rule 4, Federal Rule of Civil Procedure.

Continuation from page 1

LANCE SMITH

JIM PISANO

LAWRENCE CARTER

MARTY FARRELL

DAN RYBECK

The CAMDEN COUNTY METRO POLICE DEPARTMENT / The CITY OF CAMDEN

6.  If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7.  If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a. Jurisdiction is asserted pursuant to (CHECK ONE)

　__X__ 42 U.S.C. §1983 (applies to state prisoners)

　____ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

_____

1b. Indicate whether you are a prisoner or other confined person as follows:

　__X__ Pretrial detainee

　____ Civilly-committed detainee

　____ Immigration detainee

　____ Convicted and sentenced state prisoner

　____ Convicted and sentenced federal prisoner

　____ Other: (please explain)_____

2. Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): 

Defendant(s): N/A

b. Court and docket number: _____

c. Grounds for dismissal: ( ) frivolous ( ) malicious

( ) failure to state a claim upon which relief may be granted

d. Approximate date of filing lawsuit: N/A

e. Approximate date of disposition: N/A

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3. Place of Present Confinement? Camden County Correctional Facility

4. Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a. Name of plaintiff: Shlawrence Ross

Address: 330 Federal St., Camden, NJ. 08103

Inmate #: 4340222

b. First defendant:

Name: Kyle Graf

Official position: Detective

Place of employment: Camden County Police Department

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

This Detective fired multiple rounds at the plaintiff while the plaintiff was fleeing in violation of the plaintiff's 4th Amendment rights. The plaintiff was struck in the arm.

c. Second defendant:

Name: Matthew Kreidler

Official position: Detective

Place of employment: Camden County Police Department

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

This Detective fired multiple rounds at the plaintiff, while the plaintiff was fleeing. This Detective utilized excessive force upon the plaintiff.

d. If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

Continuation from page 4 (A.)

Name: Joseph Pemberton

Official Position: Police Officer

Place of employment: Camden County Metro Police Department

This police officer fired several rounds at the plaintiff while the plaintiff was attempting to flee. This officer attempted to shoot the plaintiff in his back while the plaintiff was fleeing.

Name: Lance Smith

Official Position: Police Officer

Place of employment: Camden County Metro Police Department

This police officer fired two shots at the plaintiff while the plaintiff was fleeing.

Continuation from page 4 (B.)

Name: Jim Pisano

Official Position: Lieutenant

Place of employment: Camden County Prosecutor's Office

This Lieutenant conspired with the officers mentioned above, to frame the plaintiff after the officers above shot the plaintiff unjustly.

Name: Lawrence Carter

Official Position: Detective

Place of employment: Camden County Prosecutor's Office

This Detective conspired with the officers highlighted herewith, to frame the plaintiff in an attempt to cover up the unjust shooting of the plaintiff, by the police.

Continuation from page 4 (C.)

Name: Marty Farrell

Official Position: Detective

Place of employment: Camden County Office of the Prosecutor

This Detective helped the officers cover up an unjust shooting on the plaintiff. (1983 Conspiracy)

Name: Dan Rybeck

Official Position: Attorney

Place of employment: Camden County Metro Police Department

This attorney worked with all of the officers with respect to covering up the unlawful shooting of the plaintiff. (1983 Conspiracy)

Continuation from page 4 (D.)

Name: CAMDEN County police Department / The City of Camden.

Official Position: Municipality

Place of employment: The State of New Jersey

This Police Department / Municipality has failed to train officers. What is more, the policies implemented by said Municipality are set in place to allow officers to cover up their misdeeds.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   ___Yes   _X_No

   If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

   N/A

   If your answer is "No," briefly explain why administrative remedies were not exhausted:

   I was viciously gunned down by Police officers on the streets of Camden New Jersey. I am unaware of any administrative remedies that I could exhaust.

6. Statement of Claims

   (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

   On December 3rd of 2017, the plaintiff was at a speakeasy located on Louis St., in Camden, N.J.. While at the establishment, the plaintiff became envolved in a scuffle with an unknown assailant. During the course of the scuffle, said assailant produced a small handgun, and shot the plaintiff twice in

the hip which shattered the plaintiff's pelvis bone. All of the patrons from the above mentioned establishment, began to run erratically at the sound of the two gun shots. At that point, the plaintiff noticed several individuals dressed in dark clothing, approaching the scene with weapons drawn. These individuals were all screaming simultaneously making it impossible to understand what any of them were saying. At that point, the assailant who shot the plaintiff, in the hip, fled. The individuals dressed in dark clothing then all began shooting at the plaintiff. The plaintiff began to run in an attempt to save his own life while the individuals all continued to fire upon the plaintiff. At this point, the plaintiff was struck by a bullet in the back of his arm. However, the plaintiff continued to run towards his parked car in an attempt to escape being killed. Once the plaintiff arrived at his parked car, he became extremely light headed due to the significant amount of blood that he lost from the bullet wounds he sustained. The plaintiff's light headedness caused him to fall to the ground right next to his parked car.

7. Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

With respect to the excessive force claim, the plaintiff is requesting 1,000,000 (one million) dollars in damages for both punitive and compensatory damages.

Continuation from page 6 (A.)

While lying on the ground, the plaintiff was ambushed by several police officers who handcuffed him and transported him to Cooper Hospital. The plaintiff was then charged with unlawful possession of a weapon (Handgun) and attempted murder upon numerous police officers.

The plaintiff eventually learned that the individuals who were dressed in dark clothing, who fired upon him, were officers Kyle Graf, Matthew Kreidler, and Joseph Pemberton.
These three officers also concocted a bogus story in which they attempt to cover up the unjust shooting of the plaintiff. The officers caused fabricated attempted murder and weapons charges to be lodged against the plaintiff.

There were several body worn cameras activated by police officers which captured the police envolved shooting. However, none of these cameras ever depict the plaintiff in possession of a gun, yet they all capture plaintiff

Continuation from page 6 (B.)
running for his life while the police continue to fire towards the plaintiff back.

Therefore, assuming arguendo that the police were justified in initially opening fire upon the plaintiff, that justification ceases to exist once the plaintiff began to flee, and detectives still continue to shoot, eventually striking the plaintiff in the back of the arm.

Furthermore, Officer Lance Smith, eventually arrived at the scene and witnessed the plaintiff running from officers while being fired upon. By Officer Smith's own admissions, he never saw the plaintiff with a weapon in his hand, and only witnessed the plaintiff running from the officers, yet he began firing upon the plaintiff as well.

After the shooting, Jim Pisano, Lawrence Carter, and Marty Farrell were called upon by the Camden County prosecutors office, to investigate the crime. These detectives were obviously

Continuation from page 6 (c.)

biased. These detectives failed to pursue the officers who fired upon the plaintiff because the officers were their colleagues.

Lastly, when Lance Smith, Kyle Graf, Matthew Kreidler, and Joseph Pemberton (collectively the officers who fired upon the plaintiff) were interviewed, they were all asked whether or not they had ever had any specialized training such as firearms instructor, SWAT team member or anything along those lines to which they <u>all</u> answered in the negative.

The officers who fired upon the plaintiff were extremely gung ho and the lacked specialized training. For these reasons the officers fired upon the plaintiff without ever actually seeing a weapon in his hand. Furthermore, the detectives erratic behavior is evident due to the fact that they fired over 50 shots at the plaintiff and only hit him once.

Not only has the City failed to

Continuation from page 6 (D.)

properly train these officers, they instituted a policy in which they allow the officers, who were involved in a shooting, to view their body cameras, before making a formal statement, so that they can get their stories straight.

Please take notice, the plaintiff will be moving to amend this action in the very near future in order to add Malicious Prosecution claims against defendants Jim Pisano, Lawrence Carter, and Marty Farrell. The plaintiff is awaiting the favorable termination of the criminal charges that are currently pending against him, with regard to the unjust shooting of the plaintiff.

with respect to the selective prosecution claim against the detectives from the Camden County prosecutors office, the plaintiff requests injunctive punitive and compensatory relief/damages. Lastly, with respect to the claim against the City for failure to train, the plaintiff requests injunctive relief.

8. Do you request a jury or non-jury trial? (Check only one)

   (X) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this  12  day of  November , 20 1 9

*[signature]*

Signature of plaintiff*

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF. REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).